[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (No. 109)
The present case is before the court on a motion to strike from the jury docket. On May 4, 1994, the defendant was defaulted for failure to plead. On May 13, 1994, the plaintiff filed a claim for the hearing and damages trial list. The defendant filed a motion to set aside the default motion pursuant to Practice Book CT Page 11613 § 363A and filed an answer the plaintiff's complaint on May 16, 1994.
On September 13, 1994, the court side trial date, the defendant filed a motion to continue the trial so that the court could act on the motion to set aside the default and so that the defendant could claim the matter for a jury trial. The court, Levin, J., granted the motion for continuance and set the case down for trial on November 22, 1994 The court, Levin, J., also granted the motion to set aside the default. On September 29, 1994, the defendant claimed the case to the jury trial list.
On November 14, 1994, the plaintiff moved to strike the case from the jury trial list on the ground that the defendant has waived his right to a jury trial by agreeing to a court side trial. The defendant objects to the motion to strike from the jury list on the grounds that he never waived his right to a jury trial and that the case was improperly placed on the trial list because the motion to set aside was still pending.
Practice Book 258 provides in part that:
 [a] party to a case or matter desiring the same placed on a trial list . . . shall give written notice thereof to the clerk and to all other parties. The notice shall . . . contain a clarification by the party or attorney filing such claim that the pleadings have been closed as to all parties
In the present case the defendant could not claim the case to the jury list until the pleadings had been closed. SeeConnecticut National v. Griffis, 5 Conn. L. Rptr. 233 (October 29, 1991, Rush, J.). The defendant filed the claim to the jury list soon after the court acted on his motion to set aside the default and accepted the defendant's answer. Therefore, it is found that the defendant never waived his right to a jury trial and the motion to strike the case from the jury list should be denied
The motion to strike is denied.